NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL W. LEWIS, | ) | No. C 10-01037 JF (PR) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| | ) | |
| RANDY GROUNDS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner at the Correctional Training Facility in Soledad, California, proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole.  Petitioner has paid the filing fee.  The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

According to the petition, on November 21, 1988, Petitioner was sentenced to a term of fifteen-years-to-life in state prison upon his guilty plea to second degree murder in the County of Los Angeles Superior Court.  Petitioner challenges the Board's decision denying him parole after his sixth parole suitability hearing on September 29, 2008.

1   Petitioner filed habeas petitions in the state superior court, state appellate court, and the

2   state supreme court, all of which were denied as of January 21, 2010.  Petitioner filed the

3   instant federal petition on March 11, 2010.

4

5                                    **DISCUSSION**

6   **A.**      **Standard of Review**

7            This Court may entertain a petition for writ of habeas corpus "in behalf of a person

8   in custody pursuant to the judgment of a state court only on the ground that he is in

9   custody in violation of the Constitution or laws or treaties of the United States."  28

10  U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

11           A district court shall "award the writ or issue an order directing the respondent to

12  show cause why the writ should not be granted, unless it appears from the application that

13  the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

14  **B.**      **Petitioner's Claims**

15           As grounds for federal habeas relief, Petitioner alleges that the Board's denial of

16  parole suitability violated California's "some evidence" standard under <u>In re Lawrence</u>,

17  44 Cal. 4th 1181 (2008), and that his constitutional right to due process under the 5th and

18  14th Amendments.  (Pet. 6.)  Liberally construed, Petitioner's claims are cognizable

19  under § 2254.  The Court orders Respondent to show cause why the petition should not be

20  granted.

21

22                                    **CONCLUSION**

23           1.     The Clerk shall serve by mail a copy of this order and the petition

24  and all attachments thereto upon the Respondent and the Respondent's attorney, the

25  Attorney General of the State of California.  The Clerk shall also serve a copy of this

26  order on the Petitioner.

27           2.     Respondent shall file with the Court and serve on Petitioner, **within sixty**

28  **(60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

4.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: ___5/18/10_____

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL WILLIAM LEWIS,

         Petitioner,

  v.

RANDY GROUNDS, Warden,

         Respondent.
_____/

Case Number: CV10-01037 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____5/25/10_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Samuel William Lewis E05524
Correctional Training Facility
P.O. Box 689
ED107L
Soledad, CA 93960-0689

Dated: _____5/25/10_____

                        Richard W. Wieking, Clerk