UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL W. LEWIS,

    Petitioner,

v.

RANDY GROUNDS, Warden,

    Respondent.

No. C-10-1037 EMC (pr)

**ORDER DENYING HABEAS PETITION**

Samuel W. Lewis, an inmate at the Correctional Training Facility - Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he claims that the Board of Parole Hearings' September 29, 2008 determination that he was not suitable for parole denied him due process because there was insufficient evidence to support the decision. The petition is now ready for decision on the merits.

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.) The court may not grant habeas relief for state law errors. *Id.*

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See Swarthout v. Cooke*, 131 S. Ct. at 862. The Court explained

that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise.

In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole denial, the petition must be denied.

A certificate of appealability will not issue because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: October 25, 2011

_____
EDWARD M. CHEN
United States District Judge